# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

KEVIN RANDELL BIGGERS　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #155966

v.　　　　　　　　　　No: 1:17-cv-00101 JLH-PSH

JOSH WALLS, *et al.*　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kevin Randall Biggers, an inmate at the Arkansas Department of Correction's Delta Regional Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 raising numerous factually unrelated claims against multiple defendants (Doc. No. 2). Biggers was instructed to file an amended complaint narrowing his claims. *See* Doc. No. 5. Biggers filed an amended complaint narrowing his claims to those surrounding certain disciplinary proceedings. *See* Doc. No. 6. Specifically, he challenges the fairness of the disciplinary proceedings against him and his resulting parole revocation. *Id.* at 2-4. He complains that the defendants do not maintain an

adequate grievance procedure. *Id.* at 4. Finally, he alleges that Defendants retaliated against him for using the grievance procedure by revoking his parole and transferring him to the Arkansas Department of Corrections. *Id.* The undersigned finds that Biggers fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. It appears that Biggers is asserting a Fourteenth Amendment due process and/or equal protection claim based on the disciplinary proceedings against him. According to Biggers' complaint, he was incarcerated in the

Sharp County Jail on August 13, 2017, in connection with a parole violation. Doc. No. 6 at 2. He states:

> After a parole violation hearing, conducted on August 29, 2017, it was determined that Plaintiff: "offender is to remain in the County Jail for 90 days contingent upon good behavior and eligibility. If the offender fails to abide by the terms of the short term revocation program, the offender will be transferred to the Arkansas Department of Correction to complete the balance of the 6 month revocation term."
> . . .

*Id.* On September 1, 2017, Biggers was disciplined for exercising with no shirt on. *Id.* On September 6, 2017, Biggers was disciplined for having a bag of water in his cell. *Id.* Biggers claims that other inmates have done the same things and not been disciplined. *Id.* Biggers was placed on 72-hour lock-down as a result of each disciplinary. *Id.* at 2-3. The second disciplinary also resulted in Biggers' full parole revocation and transfer to the ADC. *Id.* at 3. Biggers seeks money damages and injunctive relief. *Id.* at 5.

***Due Process.*** To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Biggers was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceedings. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Biggers was placed on 72-hour lock-down as a result of each disciplinary. An inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Biggers does not describe the conditions he endured while on lock-down other than to complain he missed a visit from a friend. Biggers describes no change in conditions that could constitute the deprivation of a liberty interest.

***Retaliation.*** Biggers appears to assert a First Amendment claim for retaliatory transfer, stating he was sent to the ADC in retaliation for using the county jail's grievance system.[1] The Court recognizes that a prison cannot retaliate against an inmate for exercising his First Amendment rights. *See generally Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996) ("a prisoner cannot be transferred in retaliation for the exercise of a constitutional right"); *Murphy v. Mo. Dep't of Corr.*, 769 F.2d 502, 503 (8th Cir.1985) (per curiam) (allegation that prison transferred inmate as punishment for engaging in protected activity stated claim); *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir.2007) (filing of prison grievance is protected First Amendment activity). However, Biggers also states he was transferred to the ADC as a result of the disciplinary in accordance with his parole revocation sentence. He states that as a result of the second disciplinary, the "Defendants did then authorize and impose a denial of visitation, denial of personal-legal phone calls, 72 hour lockdown and instituted proceedings whereby Plaintiff's 90 day technical violation was removed

---

[1] Biggers claims he filed a grievance in response to this second disciplinary on September 6, the day he received the disciplinary.

and a six (6) month parole revocation inflicted." Doc. No. 6 at 3. Despite these conflicting statements in Biggers' amended complaint, the Court is required to liberally construe his pleading, and therefore finds that Biggers states a claim for retaliation.

However, Biggers' retaliatory transfer claim cannot be entertained here because it is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). It is well-settled that the *Heck* bar applies to revocations of parole. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (discussing claim related to parole revocation in the context of *Heck*); *Newmy v. Johnson*, 758 F.3d 1008, 1012 (8th Cir. 2014) (affirming district court's application of *Heck* barring claims for revocation of parole). Here, any successful challenge to Biggers' transfer (or disciplinary proceedings that resulted in his transfer) would necessarily invalidate his extended parole revocation sentence. Therefore, even if Biggers' complaint states a claim for retaliation, that claim is barred by *Heck.*

*Equal Protection.* Additionally, to the extent Biggers attempts to state an equal protection claim, he fails to state sufficient facts to support such a claim. He merely states that other inmates were not punished for doing the same things he was punished for. He does not allege that he is a member of a protected class or that he was "'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *See Nolan v. Thompson,* 521 F.3d 989 (8th Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In fact, he does not identify or provide any description of the other inmates who were not punished.

*Grievance Procedure.* Finally, to the extent Biggers complains that the Sharp County jail provides an inadequate grievance procedure, such complaint does not state a claim under § 1983. Inmates do not have a constitutionally protected right to a grievance procedure. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). "'[A

prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Thus, Biggers' complaints regarding the Sharp County jail's grievance policy are not actionable under § 1983.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Biggers' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 20th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE